IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARVIN CUNNINGHAM, | § | |
| TDCJ-CID NO.577143, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION H-06-589 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Marvin Cunningham, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1991 state court felony conviction. For the reasons that follow, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

I.      PROCEDURAL HISTORY

Petitioner reports that, on January 15, 1991, he was convicted in the 329th State District Court of Wharton County, Texas, of the felony offense of robbery in cause number 29.02 and sentenced to twenty years confinement in TDCJ-CID. (Docket Entry No.1). Petitioner did not file a motion for new trial or a notice of appeal from his robbery conviction. Thus, under Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure, petitioner's conviction became final for purposes of federal habeas corpus review thirty days after the day his sentence was imposed, on or about February 15, 1991. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed a state habeas application on June 9, 2005, which the Texas Court of Criminal Appeals denied on August 17, 2005. Petitioner filed the pending federal petition for a writ of habeas

corpus with this Court on January 14, 2006.[1] Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks federal habeas relief on the grounds that he was denied the effective assistance of counsel at trial, his indictment was defective, and his plea was involuntary.

II.     ONE-YEAR STATUTE OF LIMITATIONS

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] The district clerk actually recorded the petition as filed on January 19, 2006, but petitioner indicates that he mailed the petition in January 14, 2006. For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Flanagan*, 154 F.3d at 198.

Under the provisions of the AEDPA, petitioner's one-year limitation period began on February 15, 1991, the last day petitioner could have filed a motion for new trial or a direct appeal in state court. See TEX. R. APP. PROC. 26.2(a)(1). That date triggered the one-year limitations period which expired on February 15, 1992. Petitioner, however, is entitled to a reasonable notice of the one year limitations period because the AEDPA was not enacted until April 24, 1996. *United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998) (§ 2255 petition). The Fifth Circuit has determine that one year, commencing on April 24, 1996, is a reasonable period. *Id.* at 1006. A petitioner challenging a state conviction that was final before AEDPA's enactment is entitled to the same notice period. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citing *Flanagan*, 154 F.3d at 201-02). Therefore, petitioner had until April 24, 1997, to file his federal habeas petition.

Petitioner filed the pending petition on January 14, 2006, years after the 1997 deadline. Petitioner's state habeas application was also filed after the 1997 deadline; therefore, the tolling provisions found in § 2244(d)(2) do not apply to this application. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus

3

application filed after the expiration of the limitations period). Petitioner's federal habeas petition is untimely and subject to dismissal.

Petitioner contends that he is entitled to equitable tolling because he entered an involuntary plea due to the ineffectiveness of his trial counsel and because he is actually innocent. (Docket Entry No.6). Claims of actual innocence, however, do not support equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, he makes no showing of a newly recognized constitutional right upon which the petition is based; nor does he lay a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

III.   CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir.

2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in this Opinion on Dismissal, the Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore a certificate of appealability from this decision will not issue.

IV.     CONCLUSION

Accordingly, the court ORDERS the following:

1.     Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2.     A certificate of appealability is DENIED.

3.     This cause of action is DISMISSED with prejudice.

Signed at Houston, Texas, on April 21, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE